# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY SUE MILLER, | :
| Plaintiff, | :
| v. | : 3:17-CV-1564
| | : (JUDGE MARIANI)
| ANDREW SAUL, | : (MAGISTRATE JUDGE ARBUCKLE)
| Commissioner of Social Security,[1] | :
| Defendant. | :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Magistrate Judge Arbuckle's Report and Recommendation ("R&R") (Doc. 18) recommending that the appeal of Plaintiff Wendy Sue Miller from the decision of an Administrative Law Judge ("ALJ"), denying her application for social security disability benefits, be denied. Miller has filed Objections (Docs. 19) with a supporting brief (Doc. 20), to which Defendant filed a response (Doc. 21). For the reasons that follow, the Court will overrule Miller's Objections and adopt the pending R&R.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named defendant in place of the former Acting Commissioner of Social Security, Nancy A. Berryhill. See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party").

## II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Plaintiff Wendy Sue Miller has raised two objections to Magistrate Judge Arbuckle's R&R. With respect to Miller's first objection, Miller argues that she meets the definition of Listing 1.03 because "Plaintiff's testimony, and the record as a whole, clearly support a finding that she is unable to ambulate effectively, as defined by the regulations." (Doc. 20, at 4). Further, Miller argues that the ALJ and Magistrate Judge employed a "narrow definition of ineffective ambulation." (*Id.*). The Court disagrees.

Listing 1.03 requires: "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. pt. 404, subpt. P., Appx. 1, § 1.03. Listing 1.00B2b, defines ineffective ambulation as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individuals' ability to independently initiate, sustain, or

2

> complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that *limits the functioning of both upper extremities.*

20 C.F.R. pt. 404, subpt. P., Appx. 1, § 1.00(B)(2)(b) (emphasis added). As the Magistrate Judge explained, "[i]n order to show a claimant is entitled to benefits on the basis that a claimant's impairment, or combination of impairments, equals a Listing, the claimant must present 'medical findings equivalent in severity to *all* the criteria for the one most similar impairment.'" (Doc. 18, at 14) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).

Here, as the Magistrate Judge noted, "both parties agree that within a year of Plaintiff's peroneal tendon repair surgery and knee surgery, Plaintiff was ambulating with a straight cane." (Doc. 18, at 16) (citing to Doc. 12, at 21; Doc. 14, at 7). Accordingly, because the use of a cane does not limit both upper extremities, Miller does not satisfy *all* of the criteria of the Listing. *See Sullivan*, 493 U.S. at 531.

Miller directs the Court to "Revised Medical Criteria for Determination of a Disability, Musculoskeletal System and Related Criteria," which Miller argues supports her proposition that "using a two-handed assistive device, or, in fact, an assistive device of any kind, is not a requirement for establishing ineffective ambulation . . . . The Listing applies to anyone who cannot walk adequately." (Doc. 20, at 4). In reviewing the source upon which Miller relies, the Court notes that it specifically states:

> [T]wo commenters asked for clarification of the second sentence of 1.00B1 in the NPRM (final 1.00B2b). They wondered why the definition would require limitations to both upper extremities if a hand-held assistive device were

3

> required for adequate ambulation. They also asked if a cane would qualify under this section. Furthermore, would holding a device in one hand with only minimal assistance of the other hand constitute functional limitations of both upper extremities, or must the hand-held device require limitations of both hands (i.e., crutches, walker, etc.).
>
> Response: We believe that the sentence is clear in its intent that an individual with one hand free while using an assistive device in walking *would not meet the definition if he or she were otherwise ambulating effectively as defined in final 1.00B2b*. As we repeatedly stress, the criteria expressed in the listings are intended to define limitations that prevent any gainful activity. *A claimant requiring a cane or other device in only one hand to effectively ambulate might be severely impaired and could possibly be allowed at a later step of the sequential evaluation process, but he or she would not necessarily be unable to perform any gainful activity.*

66 Fed. Reg. 58010, 58026 (emphasis added). Here, because Miller's specific argument relates to step three, and the record establishes that Miller uses a cane, Miller clearly does not meet the requirements of Listing 1.03. As such, the Court finds no merit to Miller's claim that the Magistrate Judge and ALJ erred in determining that substantial evidence supports a finding that Plaintiff's condition does not meet the requirements of Listing 1.03.

With respect to Miller's second objection, Miller argues that the ALJ, upheld by the Magistrate Judge, erred in finding that substantial evidence supports the ALJ's residual functional capacity ("RFC") determination. (Doc. 20, at 5). Further, Miller argues that the ALJ assigned too "little weight to both of the physical medical opinions of record," referring to the medical opinions from Dr. Bui and Dr. Telemeco. (*Id.*).

The Court agrees with the analysis set forth in the R&R. The Magistrate Judge concluded that medical opinions from Dr. Bui and Dr. Telemeco were given proper weight by

the ALJ. (Doc. 18, at 19). With respect to Dr. Bui's opinion, the ALJ concluded that his opinion – that Miller is capable of no work – was not consistent with the record on the whole, a conclusion that follows after the ALJ's extensive analysis of the record. (*Id.*). Further, with respect to Dr. Telemeco's opinion, Dr. Telemeco is not considered an "acceptable medical source" under the regulation, and thus "his opinion was not entitled to any special consideration." (*Id.* at 18; Doc. 8-2, at 28). Moreover, the ALJ concluded, citing to specific evidence, that Dr. Telemeco's opinion – that claimant was capable of no work – was not supported by the record on the whole and thus entitled to little weight. (Doc. 8-2, at 28). In sum, as the Magistrate Judge concluded, "the ALJ's assignment of weight is supported by substantial evidence." (*Id.* at 20). The Court, therefore, finds no basis for overruling the Magistrate Judge's findings.

## III. CONCLUSION

For the reasons set forth above, upon *de novo* review of the R&R (Doc. 18), the Court will adopt the R&R, Plaintiff's appeal will be denied, and the Commissioner of Social Security's decision will be affirmed. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Court Judge